IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02116-BNB

BILL GUINN,

    Plaintiff,

v.

FARMERS INSURANCE COMPANY (Farmers Insurance Group), All Unknown Farmers Insurance Company Associates and Agents' Who are Actionable Parties Involved with Plaintiff's Claims,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Bill Guinn, acting *pro se*, initiated this action by filing a Civil Complaint on August 7, 2013. The Court reviewed Plaintiff's Complaint and request to proceed pursuant to 28 U.S.C. § 1915 and found the filings were deficient because Plaintiff failed to submit the Complaint and § 1915 request on Court-approved forms. The Court entered an order directing Plaintiff to cure the deficiencies. Although in response to the Court's Order to Cure Deficiencies Plaintiff did not use the Court-approved forms, the format he used is comparable. Consequently, the Court granted Plaintiff leave to proceed pursuant to § 1915.

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated

below, Plaintiff will be ordered to file an Amended Complaint if he wishes to pursue his claims in this action.

The Court has reviewed the Complaint and finds that the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."

Plaintiff invokes the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." However, Plaintiff fails to provide a short and plain statement of any federal claims, or any claims at all, showing that he is entitled to relief in this Court. "For a case to arise under federal law within the meaning of § 1331, the plaintiff's well-pleaded complaint must establish one of two things: either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."

*Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1023 (10th Cir. 2012) (quotation marks omitted).  Nothing Plaintiff asserts demonstrates that this action arises under federal law.

Plaintiff also fails to allege facts that might state a cognizable claim under 42 U.S.C. § 1983.  "Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526 U.S. 286, 290 (1999).  "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."  *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).  "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted).  Therefore, the only proper defendants in a § 1983 action are those who " 'represent [the State] in some capacity, whether they act in accordance with their authority or misuse it.' "  *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 172 (1961)).

Plaintiff asserts that Defendant is acting under color of state law because the State of Colorado mandates automotive insurance coverage.  Even construed liberally, this allegation provides no basis for finding that Defendant was acting under color of state law.  Therefore, Plaintiff will be order to file an Amended Complaint that asserts a proper jurisdiction for filing his claims in this Court.  Accordingly, it is

ORDERED that Plaintiff file, **within thirty (30) days from the date of this Order**, an Amended Complaint that complies with the pleading requirements of Fed. R.

Civ. P. 8 as discussed in this Order. It is

      FURTHER ORDERED that Plaintiff shall obtain the appropriate Court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

      FURTHER ORDERED that if Plaintiff fails within the time allowed to file an Amended Complaint that complies with this Order, the action will be dismissed without further notice.

      DATED October 17, 2013, at Denver, Colorado.

                                            BY THE COURT:

                                            s/ Boyd N. Boland
                                            United States Magistrate Judge