IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02116-BNB

BILL GUINN,

    Plaintiff,

v.

FARMERS INSURANCE COMPANY (Farmers Insurance Group), All Unknown Farmers
    Insurance Company Associates and Agents' Who are Actionable Parties
    Involved with Plaintiff's Claims,

    Defendants.

---

ORDER OF DISMISSAL

---

Plaintiff, Bill Guinn, resides in Denver, Colorado. Plaintiff initiated this action *pro se* by filing a Civil Complaint. Magistrate Judge Boyd N. Boland reviewed the Complaint, found it is deficient, and entered an order directing Plaintiff to files his claims on a Court-approved form. Plaintiff submitted a new Complaint on September 6, 2013. He did not use a Court-approved form, but he did use a format that is acceptable. Magistrate Judge Boland reviewed the September 6 Complaint and directed Plaintiff to file an Amended Complaint that complies with Fed. R. Civ. P. 8. Specifically, Magistrate Judge Boland ordered Plaintiff to assert proper jurisdiction for his claims in this Court.

On November 18, 2013, Plaintiff filed a document titled "Response to Order Directing Plaintiff to File Amended Complaint" instead of an Amended Complaint on a Court-approved form. Plaintiff restates his claims and argues he has properly asserted

jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983. Plaintiff claims jurisdiction under § 1331 is proper because defendants violated his Fifth, Eighth, and Fourteenth Amendment rights and the amount in controversy is over $3,000.00. Plaintiff also asserts jurisdiction is proper under § 1983 because insurance providers are state actors when they provide coverage that is mandated by the State of Colorado. Plaintiff contends that he has stated plausible claims, and the Court should advise him under what jurisdictional statutes he should raise these claims.

Jurisdiction is not proper under either § 1331 or § 1983. Defendants are not state actors and nothing Plaintiff asserts arises under federal law. The general rule that *pro se* pleadings must be construed liberally has limits and "the [C]ourt cannot take on the responsibility of serving as the litigant's attorney in constructing arguments . . . ." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Courts are not required to provide legal advice to parties. *See In re Onyeabor*, 2013 WL 5539639 (10th Cir. 2013) (citing *McKaskle v. Wiggins*, 465 U.S. 168, 183-84 (1984)). The Court, therefore, will refrain from constructing Plaintiff's arguments and construing his claims filed pursuant to any statute other than what he has identified.

Plaintiff has filed at least three other actions in this Court and is familiar with filing requirements and the jurisdictional statutes for asserting claims here. *See Quinn v. Colorado Attorney Regulation Counsel*, No. 13-2538-BNB (D. Colo. Filed Sept. 16, 2013); *Guinn v. Jeffco Combined Courts, et al.*, No. 12-cv-01887-PAB-BNB, ECF 15 (D. Colo. May 24, 2013); *Guinn v. Jefferson County Deputy District Attorney, et al.*, No. 13-cv-00693-LTB (D. Colo. Mar. 19, 2013).

Magistrate Judge Boland correctly instructed Plaintiff to amend and assert proper

jurisdiction for his claims. The action will be dismissed because Plaintiff has failed to file an Amended Complaint that asserts proper jurisdiction. The Court also will dismiss this action because Plaintiff failed to submit an Amended Complaint on a proper Court-approved form. Plaintiff has filed at lease one previous case in this Court that was dismissed because he failed to comply with Rule 8.1A of the Local Civil Rules of the District of Colorado. *See Guinn v. Jeffco Combined Courts, et al.*, No. 12-cv-01887-PAB-BNB, ECF No. 15 (D. Colo. May 24, 2013). Rule 8.1A requires that *pro se* litigants file an action using the Court's standard complaint forms. Federal Rule Civil Procedure 83(a)(2) allows a federal district court's local rules to be enforced unless the failure to comply with a rule is "nonwillful." Plaintiff's failure to comply with Local Rule 8.1A in this case is far from nonwillful.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and action are dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to file an Amended Complaint that complies with Fed. R. Civ. P. 8 and for failure to prosecute. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this   3rd   day of    December   , 2013.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court